Tell us who you are and who you represent. Please call the case. 10-2811 Marion Kociscak v. Mary Kelly For the Appellant. John Moran for the Appellant, Your Honor. Good morning, Your Honor. It's Jonathan Kohler on behalf of the Appellee Mary Kelly. Each side has 15 minutes, but we don't look at our watches in this division. It's a fairly straightforward case, but we do want to hear both sides. We would ask you to get to your strongest point first. When you speak, please speak into the microphone so we hear what you have to say. Any time you're ready, Mr. Moran. May it please the Court, Counsel. Your Honor, this is, as you indicated, we believe a relatively straightforward case. We believe that the trial court erred when it granted the defendant's summary judgment by expressly not taking into consideration both the police report by the investigating officer or his deposition testimony regarding that report. The trial court appeared to find that the officer needed, quote, firsthand knowledge of an intersection collision that occurred in December, I believe, of 2007. The defendant was heading southbound on Landwehr Road and collided with my client's vehicle, which was heading eastbound on Willow Road. We submit that the testimony that was excluded or ignored by the trial judge was admissible both as the police report was admissible as past recollection recorded, and also another basis was that his testimony about his report contained the admissions of a party opponent, that is, the deceased declarant. There is some argument by the defendant concerning the Dead Man's Act, and as we pointed out in our reply brief, we weren't quite sure how that had any impact on Officer Zando. And the reason for that is simple. The Dead Man's Act bars the testimony only of adverse parties or persons directly interested in the action, and Officer Zando meets neither criteria. Officer Zando is not an adverse party. He's a police officer who works for the Village of Glenview, and he has no pecuniary interest in the cause of action. He doesn't take any money. He's a salaried employee, and no allegation of any personal interest has ever been made about him. And to the extent that the defendant suggests that the plaintiff himself is barred from testifying at trial, that, of course, is a gross overstatement of the law. The plaintiff can testify to the overall mechanical condition of his vehicle. He can testify to the functioning of brake lights. He can testify to weather conditions, where his feet were in his car, whether he heard a sound or not prior to the accident, and the damage that he observed to his own vehicle. And that's just based on a case that this Court decided in 1992 and has been reaffirmed, Rarack v. Lally, 241 Illinois Appellate 3rd, 692. So I don't think that the Dead Man's Act is where we should begin. What we should begin is taking a look at the two cases, the case that the defendant relies on, the Taylor case, and the dissection of the Taylor case by the Loning case, which is listed in detail on page 10 of our opening brief. This Court went out of its way in Loning to make it clear that even though the Taylor case, quote, creates the impression that not even statements of a victim recorded in a police report would be admissible as past recollection recorded, that is not the law. And I think that what happened here is that the trial judge was looking at the Taylor case, and I don't believe the Loning case was considered. Counsel, can I ask you, do the cases agree that there's four prerequisites in order to get something in under past recollection recorded? Yes. Can we go through those and how did your witness? Well, there's four prerequisites for admission of police reports as past recollection recorded. And the first three there's no dispute about. That is, one, the witness had no independent recollection. Two, the report itself fails to refresh that recollection. Three, facts in the report were recorded at the time of the occurrence or soon thereafter, and these were recorded. He interviewed the drivers at the time of the accident, he and his partner. But the record is clear. He stated that he would have talked to both drivers. And so the question then is, the truth and accuracy of the report, was it established? And I believe that in this particular case, the only negative to that is this requirement by the trial judge of firsthand knowledge. In fact, there was firsthand knowledge. Officer Zando testified that he spoke to both drivers. That's at Deposition 21. And the deposition in the mini scribe is attached in the appendix. That's at C-161. At the deposition, he really folded on you, though. He didn't remember anything. He couldn't remember anything. He couldn't remember a thing. That's true. Couldn't vouch whether it was true or not. He didn't say that. Well. Well, it isn't a problem, I think, where Justice Harris is going. He also doesn't know, at the deposition, exactly whose words these are. And I'd suggest, being an Irish fellow, it's probably Loughnane. In Loughnane, the court, Justice Freeman points out, here, in contrast to Taylor, the defendant made an offer of proof that one of the investigating officers would testify that any statements taken in the emergency room are those of the victim unless otherwise noted in the report. We don't really have that here, do we? I know you are. What do you? Well, we have something very close to that. Because he said that the fact that he issued one ticket in this case, based on his practice, indicates that, number one, that the person who received the ticket made an admission, and, number two, that he spoke to this person. The defendant concedes that the officer spoke to both parties, and there's no contrary testimony. In a police report, the officers often can't remember because they write dozens of these things. In this particular case, the... Counsel, let me interrupt you. Didn't he say on the cross that the other officer that was with him, his supervising officer, or whatever it was, spoke to one of the parties? He said he also... He spoke to one of the parties, and he didn't really recall which one? Yes, he did, yes. But he also said that he spoke to both. There was no exclusion. He said that the FTO would have spoken to people as well. But he didn't specifically say, I spoke to this one about going through a red light, or this one going through a green light? No, he said that his report reflected the fact that, because the way it was written, it reflected the fact that he spoke to both, and the reason was that the issuance of the ticket, he felt, was clear because he never issues a ticket without speaking to the parties, and he always issues two tickets and lets the court decide if there's some ambiguity about who's at fault. But in this particular case, the police report clearly states that... And that's the issue is whether or not that's going to come in. So how can we use it in making a ruling? Well, we use it because it is past recollection recorded. He testified that he spoke to the woman, and he testified that he spoke to my client, and he issued her a ticket. We don't know. There was a question raised. We don't know whether, you know, what proceedings, if any, occurred on the ticket. But we do know that he spoke to both of these individuals, and I don't believe under loaning much more is required. You told me, you know, you mentioned as well, counsel, that defense also relies on Taylor. You go to Taylor, though, and Taylor points out that nobody objected to the statement, police reports going to evidence. So I suggest Taylor doesn't stand for anything. It's just an exercise. It's your classic appellate court. Ah, here's a thought, and we write it out. And, of course, nobody contested that great thought. But it does lack name and is directly opposite or suggestive of Rosecchi, cited by the appellees, written by Justice Lynn, saying that it violates a compilation of information gathered by Stuhula and his partner from a multitude of sources, which seems to be somewhat analogous to the facts here. But then for that proposition of not letting the police report in, Justice Lynn and Rosecchi write cites two criminal cases, which have no applicability to the Dead Man's Act, since there's no Sixth Amendment right to confront witnesses, I don't believe, in several cases. There certainly isn't in criminal cases. So, in other words, it's a lot harder to get evidence in in criminal cases than civil. So you prefer us to follow lack name or law name, and you think that's close enough? That's true, Your Honor. I think that the case applies. The case you just mentioned was a matter that went to trial, and this is the context here is very important. So this is a question of summary judgment, which is, as we repeat all the time, a drastic remedy. Our position is simply that the issues raised concerning the report, the police report, and the officer's testimony regarding that report, is a question that goes to the weight to be given to it by the trier of fact. The defendant wants to categorize it as a question of reliability, and that it should be completely barred. Of course, as Wigmore said, everything should go to the jury with the proper instruction. And in this particular case, that's our position, that a trier of fact should listen to the officer's testimony. Cross-examination will establish some of the points that you've made, and the jury can weigh that in its decision as to whether or not to find liability. Well, you're removing from the court its gatekeeping function. There are rules of evidence, and in order to get this statement, you're required to show a foundational element here, that the witness could vouch for the accuracy of the statement itself. And nowhere in the record that I've read have you supplied any witness vouching for the accuracy of the statements made in the report. Well, I understand this question of vouching. I think that the defendant didn't ask him whether or not he believed his report was true. He was asked, and he said that this report reflected the information that he obtained from the drivers of the two vehicles. And beyond that, defense counsel didn't ask the officer if his report was a lie or was manufactured, which is part of the voucher rule. You put the witness on, and the lawyer vouches for the witness. So I don't see any problem here on that level. There was no attack on his testimony that he spoke to both drivers. The only question here is what the trial judge said, which is whether or not the officer had firsthand knowledge. The officer testified that he spoke to both drivers and created his report as a consequence of that. He testified that the fact that his report clearly states that one driver entered the intersection and collided with the other one and was at fault for disregarding a red light is, in his practice, a comment that would have been a statement made by the driver of the car that hit my client's vehicle. That would be Ms. Bowen. And there's no other, as I understand it, you put a witness on and you are vouching for him, and the defendant didn't attack that. And neither did the trial judge. He doesn't say anywhere that he doesn't believe Officer Zando did A, B, and C. He merely says, did he have enough firsthand knowledge? And our position is simply that firsthand knowledge is an attempt to graft the Taylor kind of argument into the situation and ignores the loaning testimony that this was sufficient. And let me put my glasses on. Basically, the defendant's position is that, how can you definitely attribute this statement to the deceased? That is, the statement that the vehicle disregarded a light. And the officer's testimony was that he issued her a ticket And that is his standard practice where someone has made an admission of a violation of a traffic signaling device. And because of the very confusion that we're talking about, I believe that this underscores why this case should go to a jury to let them determine what kind of weight to place on the officer's testimony. Any further questions? You'll have time for reply, Mr. Moran. Mr. Kohler? May it please the Court, Counsel. My name is Jonathan Kohler, Counsel for the Appellee. Mary Kelly is Administrator of the Estate of Carol Bowen, deceased in this case. As you know, we are here today to ask this Court to affirm the decision of the trial court, which granted summary judgment for the estate. The decision was correct because the plaintiff did not and cannot produce any evidence to show that the defendant was negligent. And therefore, summary judgment for the defendant is proper. A couple principles to keep in mind when viewing this case. First of all, the mere happening of an event does not entitle the plaintiff to recover. It must produce something more, some evidence to show that the defendant was negligent. In addition, the trial court's grant of summary judgment may be affirmed on any basis appearing in the record. Assuming arguendo that Judge Fine was incorrect in his ruling, this Court can still affirm the summary judgment ruling on any basis that appears in the record. There was an original complaint filed in this case. Correct. After the death of the defendant. Was there something amending the pleadings as far as who the defendant was? Procedurally, Your Honor, I believe there was just an administrator appointed rather than the defendant being named as an individual. Well, was the administrator appointed through the probate court? I believe it was done through the trial court through Judge Fine. It was just. . . I'm sorry. This officer's narrative in the police report. Why can't we consider that an admission by the decedent? I ran the red light. The reason that it's not an admission by the decedent is that there's no statement made by the decedent. It's simply the officer's statement saying what he. . . I think it's quote unquote in the police report, isn't it? Your Honor, it's actually not quoted as saying Unit 1 stated or Unit 2 stated. It's simply a narrative, the officer's narrative, stating that Unit 1 disregarded a traffic control signal. So therefore, there's no statement per se that can be attributed to either party. Therefore, it can't be a statement of a party. It's merely the officer's statement. Furthermore, there's no doubt here that the Dead Man's Act unambiguously bars the plaintiff from testifying to facts within the decedent's presence. I believe that's indisputed. And one of the overriding facts to be considered is whether or not the defendant disregarded a red traffic signal, thereby causing injury to the plaintiff. If the plaintiff cannot testify to this, the only remaining evidence that may be admissible would be the deposition testimony of the officer to contest a summary judgment. And the estate contends that under Rule 191, a deposition may only be used to contest a summary judgment motion if it meets the affidavit requirements, including the requirement that it be made on the personal knowledge of the deponent. Here, as we know, the officer does not have personal knowledge of the event because he wasn't there. His deposition testimony unambiguously shows that he arrived at the scene after the accident. But neither Taylor nor Lachnane require that it be personal knowledge. Again, that phrase comes from Rusecki, which for that proposition also cites criminal cases, where, again, the standards are much more stringent than in civil. So both Taylor and Lachnane refer to the idea of the four elements. The first element is lack of any dependent recollection of the witness regarding the occurrence. Number two, failure of the report to refresh the recollection. Three, recording of the facts and report at the time of the occurrence. Four, establishment of the truth and accuracy of the report when made. So the fourth one is not in Rusecki. Rusecki, the first one, is the witness had firsthand knowledge of the recorded event. So it's not your fault. It's not Mr. Moran's fault. But this Court has apparently, we don't even have the same elements, the same doctrine. That's kind of bizarre for you. Judge, Your Honors, Lachnane is distinguishable from the case of Barr because in Lachnane, and I apologize if I'm pronouncing that wrong, the officers made an offer of proof that the statement was that of the plaintiff. Here we have no such offer of proof that can even be made. I believe it's the officer's testimony that he doesn't know which statement is attributable to either party. He simply states that he usually would have spoken with both parties and then formed his police report and issued his citations that way. Although it is important to note that at the time Officer Zando responded to this accident, he was still a field trainee and three months into his career as a police officer. What he usually would have done is less relevant in that case. Furthermore, as stated previously, he has no personal knowledge of the events that occurred, specifically what color was the light when both vehicles entered the intersection. Therefore, he can't testify to that matter. And without his deposition testimony being admissible to contest a summary judgment, no foundation can be laid for a past recollection recorded. That's why past recollection recorded here is inapplicable. Furthermore, as stated previously, this is not a statement against interest because there's no statement attributable to the defendant and no statement attributable to the plaintiff. We don't know which party said what. It's entirely possible that Officer Zando mixed up the statements of both parties and issued a ticket to the decedent based upon that. But didn't he also say that he would not have issued a ticket to just one person had he not had an admission from the person he gave the ticket to? I believe it's Officer Zando's testimony that in most cases he would not have. But, again, there's no – Officer Zando does not recall any of the events other than what's in the police report. Therefore, he can't accurately say that the decedent did, in fact, say, I blew a red light. He lacks knowledge regarding who said what and when they may have said it. Just because Officer Zando would say I would never issue a ticket unless both parties were in agreement, that's not necessarily – doesn't really prove that the decedent herself ran the red light. Well, I would never issue a ticket unless they were in agreement. Pretty strong indicator that they were in agreement, right? In this case, with the plaintiff saying, yes, that other – Ms. Kelly ran the red light and Ms. Kelly saying, I ran the red light. All right. I mean, what other inference can you draw from that? Well, the inference that could be drawn is that Officer Zando simply mixed up the statements of the parties. He could have spoken with the decedent who said I had a green light and the plaintiff who said I had a red light and mixed the two statements up and wrongly issued the ticket. There's no evidence that Officer Zando knew what color the light was when both parties went through it. And I think that's the main point to look at here is Officer Zando's lack of firsthand knowledge. Do most other states have the Dead Man's Act? It really seems to be an awful doctrine to me. Not to complain. It's not your fault. But why should somebody be able to not be held liable just because they fortuitously died? Why should some poor plaintiff be deprived of the recovery due to the death of somebody – not a criminal, but somebody who was negligent? Your Honor, I believe the policy behind the Dead Man's Act is sound. That is, one party, the plaintiff here, cannot say that something occurred one way when the defendant is contradicting that it occurred in the way that the plaintiff is asserting. The defendant, by virtue of being deceased, doesn't have the ability to testify as to what they observed personally or what may have occurred. There's certainly an issue here as to which party may have gone through a red light. You know, if the plaintiff were allowed to testify, the decedent or the defendant doesn't have any way to refute that testimony, and it's the plaintiff's burden to prove. I understand that, but we're – I read it, but it doesn't seem fair. Not that it matters. Is this the case that we should use to overrule the Dead Man's Act? I don't believe so, Your Honor. Why not? It's all about justice. Do you have anything else, Counsel? Are there any more questions from Your Honors? Just to conclude briefly, I would ask that based upon the argument presented here today as well as the argument contained in the briefs, that this Court affirm the trial court's granting of summary judgment on behalf of the defendant. Thank you. Thank you. Mr. Moran, briefly. What do you think, Mr. Moran? Should we strike down the Dead Man's Act? Not a bad idea, since Illinois is one of the small minority of states that has it. Why not ask? Maybe it's on for the day. And this Court itself has criticized the act as premature, as archival, as prehistoric, but the Court is not the legislature. All right. No, we're not. Getting back, though, to loaning and firsthand knowledge, I think that the defendant has perhaps argued too much when he talks about firsthand knowledge. First of all, the officer testified that he saw the position of the vehicles. He was there. He's the one who ordered the paramedics. He's the one who assessed the damage to the vehicles. There's nothing in this record indicates, nor does loaning permit slicing and dicing police reports as to who said what. It's very clear that the officer's report does not have to say who said what, but in this case he testified that he wouldn't have put in certain material but for talking to the deceased. The defendant's argument would eliminate the reason for police reports. Why do we have these things in the first place if they're to be utterly disregarded? Now, the Court, the defendant has indicated that, you know, it's only in the narrative section of the report that Officer Zando indicated that Ms. Bowen violated a traffic law. And that's not true. If you look at the appendix A13, which is the Illinois traffic crash report, which Officer Zando completed, you'll see that in the lower right-hand corner it says contributory causes, and he has 25 written in a box under primary cause of the accident. And he testifies at the deposition at page 27 that that is disregarding a traffic signal. So that's the primary cause. Then at the top of the traffic report, under category DRVA, he has three in there. And he testifies at his deposition that that means that Unit 1 disregarded a control device, and that's at Deposition 30. So this isn't just a matter of a narrative, which perhaps was slice and dice. This is the police report which was completed, and it's uncontradicted. It was completed at the scene while the parties were being taken to the hospital. And in terms of vouching, the officer testified that this was his practice, this is what he did. So he, in effect, vouched for what he wrote in his police report. Any further questions? If not, we'd ask that the Court reverse and remand. Thank you. Thank you, Mr. Murray. This case will be taken under advisement.